193 P.2d 445

**MICHIN v. ARUNDEL CORPORATION
et al.**

**No. 5051.**

Supreme Court of Arizona.

May 10, 1948.

Theodore G. McKesson, Thomas P. Riordan, James D. McKesson and Carl W. Divelbiss, all of Phoenix, for petitioner.

H. S. McCluskey, of Phoenix (Robert E. Young, of Phoenix, of counsel), for respondent.

STANFORD, Chief Justice.

This matter comes before us for review on an application for a writ of certiorari based upon the Arizona Occupational Disease Disability Law, having reference in particular to the disease of silicosis.

On July 29, 1945, petitioner became totally disabled for work by reason of said disease. It is admitted by all parties that he comes within the law of our state in reference to being entitled to compensation because of the time and place of disability.

After a hearing the Industrial Commission of Arizona, on January 23, 1946, made an award to the petitioner for a total disability, the award including medical benefits not to exceed $500 and compensation from the date of the disability in the aggregate sum of $2760. The last payment under the award was made on September 18, 1947, and there still remains approximately $143 unused out of the award for medical benefits.

Petitioner, on October 10, 1947, made an application to reopen the award for further compensation benefits on the grounds that he was still disabled. The record shows that there is no question about the total disability of the petitioner.

On October 16, 1947, the Commission entered its order denying the application for additional benefits. On October 31, 1947, the petitioner filed an application for a rehearing and to reopen said award and to adjust compensation, which application was denied on November 5, 1947.

The disputed question between the parties to this action is predicated on the interpretation of the Occupational Disease Disability Law, the Commission contending that the maximum amount of compensation allowable to petitioner as of July 29, 1945, the date when he became totally disabled, is the sum of the award, namely $2670, and the petitioner claiming that he is entitled to compensation benefits in the maximum sum of $5,000.

The contentions of the respective parties are based on Section 56-1233, A.C.A.1939, Laws of 1943, Chapter 26, Section 33 and Section 56-1241, A.C.A.1939, Laws of 1943, Chapter 26, Section 41.

It is the contention of the Commission that petitioner's rights and the jurisdiction of the Commission are controlled by the

provisions of Section 56-1233, supra, which section reads:

"*Disability or death payment due to silicosis or asbestosis—Amounts limited.*—The maximum compensation payable under this act, exclusive of medical and funeral benefits, for disability or death due to silicosis or asbestosis, notwithstanding anything in this act otherwise provided, shall not exceed the following: If disablement or death occurs during the first calendar month in which this act becomes effective, the sum of $800; if disablement or death occurs during the second calendar month after this act becomes effective, the sum of $870; thereafter the total maximum compensation payable for disability and death shall increase at the rate of $70.00 each calendar month; provided, that in no event shall the aggregate amount payable exceed a total of $5,000."

Petitioner contends that further compensation benefits are due him under Section 56-1241, supra, which reads:

"*Termination of compensation—Reopening award—Time limits.*—Payment of compensation for disablement shall cease upon the termination of the disablement. An application to terminate compensation awarded may be made to the commission by any person in interest or the termination may be decided by the commission upon its own motion. Notice of decision as to termination shall be given by the commission to all parties in interest. Where the disablement has terminated and within one (1) year thereafter or in case of silicosis or asbestosis within two (2) years, the disablement shall recur as a result of the occupational disease for which an award has been made, the commission may order resumption of compensation if claim therefor be made within sixty (60) days after the recurrence of the disablement.*" (Emphasis supplied.)

There is nothing, whatever, in this section that would conflict with Section 56-1233, supra, which section controls the entire matter of amount of compensation that is due.

Section 56-1217, A.C.A.1939, Laws of 1943, Chapter 26, Section 17, reads in part:

" * * * The commission shall have full authority over the fund, and may do all things necessary or convenient in the administration thereof, or in connection with the compensation business to be carried on by it hereunder, and shall adopt rules and regulations for the collection, maintenance and disbursement of the fund."

Petitioner admits total disability as of date July 29, 1945, and there has been no change in that status. The Commission has awarded petitioner compensation predicated on Section 56-1233, supra, for the full amount permissible under the statute as of the date of his total disability, to wit, $2760. Since the disability was total, and has continued as such, the compensation could not be increased and no purpose would have been served by any additional hearings in such a case, and the Commission having

awarded the paid maximum benefits provided by law, at the date of his disability, it is without further jurisdiction to entertain any further proceedings. Benefits, therefore, have been terminated because the maximum benefits that could be paid by law have been paid.

The total disablement of petitioner having occurred on July 26, 1945, the total maximum compensation payable was fixed by law at \$2760, being \$70 a month for 28 months, plus \$800 also fixed by law.

The award heretofore made by the Commission is affirmed as there are no further disability benefits due petitioner under the law.

LaPRADE and UDALL, JJ., concurring.